UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY K. MONK,

        Plaintiff,

vs.

L. PAUL BAILEY, *et al.*,

        Defendants.

_____/

Case No. 1:08-cv-903

Hon. Robert J. Jonker


**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

This matter is now before the court on defendant's motion to dismiss and for summary judgment

(docket no. 33).

> **I.      Background**

> **A.      Plaintiff's allegations**

Plaintiff's verified complaint names the Berrien County Sheriff (later identified as

L. Paul Bailey) and six unknown parties, John Doe No. 1 (control center officer), John Doe No. 2

(medical doctor), John Doe no. 3 ("Sgt. R.N."), John Doe No. 4 (shift commander on 2nd shift), Jane

Doe No. 1 (control center commander) and Jane Doe No. 2 (R.N.).  *See* Compl. (docket no. 1).

Plaintiff's allegations are summarized as follows.  At 9:00 p.m. on July 22, 2007,

while being held at the Berrien County Jail, and asleep in his bunk, plaintiff's left pinky finger "was

closed, and smashed in the electronic cell block door" and he was awakened "to a terrible pain."

*Id.* at p. 1.[1] After screaming for about 30 seconds, the door was opened and plaintiff pulled his hand from it. *Id.* When Deputies O'Brien and Bowman made their rounds, plaintiff told them what happened. *Id.* After some hesitation, the deputies called the jail nurse, who placed a splint on plaintiff's finger and gave him two Tylenol pills. *Id.* Plaintiff told the nurse he needed to go to the emergency room and have an x-ray. *Id.* The nurse told plaintiff that they were not going to take him to the hospital. *Id.*

Five minutes later, Deputies O'Brien, Bowan [sic] and two other deputies told plaintiff that he had to go to the observation cell because of the splint. *Id.* at pp. 1-2. The deputies refused to take plaintiff to the hospital. *Id.* at p. 2. The next morning, the jail doctor and a Sheriff's Deputy nurse named "Mark" examined plaintiff. *Id.* The doctor agreed that his finger needed to be x-rayed, but told plaintiff that it was up to the Sheriff to take him to the hospital. *Id.*[2] Plaintiff received only Tylenol pills for the next three days. Compl. at p. 2.

On Thursday, July 26th, plaintiff was transferred from the Berrien County Jail to the Michigan Department of Corrections' Charles Egeler Reception and Guidance Center in Jackson. Compl. at p. 3. On August 1st, he was examined by a nurse, who sent him to the emergency room at Duane Waters Hospital. *Id.* An emergency room doctor ordered an x-ray, which revealed a fractured and "severely dislocated" finger. *Id.* Plaintiff received 800 mg tablets of ibuprofen for his pain. *Id.* On August 2nd, plaintiff saw a specialist, Dr. Ikram, who determined that the finger

---

[1] Plaintiff's complaint includes a four-page "statement of facts" which is separately numbered. The page numbers cited in this report (e.g., "p. 1") refer to those separately numbered pages.

[2] The record reflects that plaintiff was to be sentenced that day (July 23, 2007). *See* Health and Safety incident (July 22, 2007) (docket no. 34-3).

was fractured and dislocated.  *Id.*  The doctor gave  plaintiff a shot of Novocaine to numb his hand, fixed his finger and put his hand in a cast.  *Id.*

### B. Procedural history

More than one year later, plaintiff filed a complaint in the federal court in the Eastern District of Michigan.  While plaintiff alleged a violation of §1983, he did not name any  specific constitutional violations.  Plaintiff sought $10,500,000.00 for compensatory damages, pain and suffering and punitive damages.  Compl. at ¶ IV. The action was subsequently transferred to this district.  *See* docket no. 4. The record reflects that only one defendant, Berrien County Sheriff L. Paul Bailey ("the Sheriff"), has been served in this action.  Plaintiff has not identified the six "Doe" defendants named in his complaint.

### II. The Sheriff's motion for summary judgment

### A. Legal Standard

The Sheriff seeks summary judgment on various grounds.  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B.     Lack of Exhaustion

The Sheriff contends that plaintiff failed to exhaust his administrative remedies with respect to his claim. The court agrees. The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. §1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

The Berrien County Jail's grievance procedures provide in pertinent part as follows:

4

You may discuss your problems with a deputy or with the jail chaplain. Any other questions or problems may be addressed by writing the shift commander, who will assign a deputy to investigate your complaint.

**Grievances:** Special complaints regarding deputies [sic] actions or grievances regarding disciplinary actions can be addressed by writing the jail operations lieutenant, jail administrator, undersheriff or sheriff. Action will be taken depending on the situation and circumstances of the grievance.

*Berrien County Jail Inmate Rules and Regulations* (dated Jan. 1, 2006), § 12 "Personal Problems" (docket no. 34-6) (emphasis in original).

Viewing the evidence in the light most favorable to plaintiff, there is no evidence that he wrote to the shift commander or sent a written complaint to the jail operations lieutenant, jail administrator, undersheriff or sheriff as required by § 12 of the *Rules and Regulations*. On the contrary, the Sheriff has established that plaintiff did not submit any written grievances regarding his claim. In the "First Request for Admissions Directed to Plaintiff," the Sheriff requested that plaintiff admit the truthfulness of the following statements:

1.    Admit that during your incarceration July 22, 2007 through July 26, 2007, you never filed a grievance or complaint with the Berrien County Jail concerning your allegations of inadequate medical care for your injured pinky finger.

2.    Admit that at no time after leaving the custody of the Berrien County Jail on or about July 26, 2007, have you filed a grievance or complaint against the Berrien County Sheriff, or any of the deputies, officers, or employees of the Sheriff's Department, concerning your allegations of inadequate medical care for your left pinky finger, other than the instant lawsuit.

*See* First Request for Admissions (docket no. 34-7). Because plaintiff failed to serve a response to the requests for admissions, the facts set forth are deemed admitted for purposes of this litigation. *See* Fed. R. Civ. P. 36(a)(3) ("[a] matter is admitted unless, within 30 days after being served, the

party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney").[3]

Plaintiff did not submit an affidavit or other evidence to establish that he properly exhausted any grievance against Berrien County Jail personnel. In his complaint, plaintiff stated that he did not file a grievance under the Michigan Department of Corrections' three-step grievance procedure, stating "at the time I was in the custody of the Sheriff Dept." *See* Compl. at ¶ II. In lieu of providing evidence of proper exhaustion at the Berrien County Jail, plaintiff attempts to justify his failure to follow the *Rules and Regulations*, stating in his response that "he did not altogether skip the grievance process." Plaintiff's Response at p. 4 (docket no. 38). According to plaintiff, he needed an accident report to file the "necessary paperwork" but he did not receive a copy of the report from the shift commander, even though he asked to see the commander over a period of three days. *Id.* at pp. 4-5. Plaintiff's unsworn statements do not create a genuine issue of material fact to demonstrate exhaustion.

Even if plaintiff had submitted these facts in an affidavit, such facts would not establish proper exhaustion. As an initial matter, the *Rules and Regulations* do not require inmates, such as plaintiff, to submit an "accident report" with a grievance. Furthermore, to the extent that plaintiff contends that the jail staff prevented him from filing a grievance, his contention fails. In order to have a court determine that prison staff prevented a prisoner from exhausting a grievance, the prisoner must show that he made attempts to secure a grievance form, that there was no other source for the form, and that he attempted to file the grievance without a form. *See Jones v. Smith*,

---

[3] The court addressed the issue of plaintiff's failure to respond to the Sheriff's First Request for Admissions in its order entered February 11, 2010. *See* docket no. 32.

266 F.3d 399, 400 (6th Cir. 2001). *See also, Martin v. Johnson*, 72 Fed. Appx. 256, 257-58 (6th Cir. 2003) (prisoner does establish exhaustion by claiming that he requested a grievance form but did not receive it); *Kennedy v. Wurth*, 36 Fed. Appx. 553, 554 (6th Cir. 2002) ("[t]his Court has held that it is inadequate for a prisoner to allege that he was denied a form for a grievance . . . he must show that he attempted to file a grievance without the form"). Here, plaintiff made no attempt to file a written grievance. He cannot avoid the exhaustion requirement by simply claiming that the shift commander would not meet with him or give him an accident report to file with his grievance. Plaintiff has failed to properly exhaust any grievances directed at the Sheriff. *Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91. Accordingly, the Sheriff's motion for summary judgment should be granted for lack of exhaustion.

### C. Unserved defendants

The only remaining defendants in this action are the six unserved "Doe" defendants who allegedly denied plaintiff's request for medical treatment. Because plaintiff has admitted that he did not file a written grievance, and he cannot establish proper exhaustion as to any Berrien County Jail personnel, it would be both a futile gesture and an uneconomical use of judicial resources to conduct further proceedings against the remaining unserved defendants. "Summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an opportunity to address the controlling issues." *Moore v. Thomas*, 653 F.Supp.2d 984, 1003 (N.D. Cal. 2009). "[N]o principle forbids a court to notice that [] a defense exists, is bound to be raised, and is certain to succeed when raised." *Buckley v. Fitzsimmons*, 20 F.3d 789, 793 (7th Cir.1994). *See Laubach v. Scibana*, No. CIV-05-1294-F, 2008 WL 281545 at

7

*12 (W.D. Okla. Jan. 31, 2008) (meritorious affirmative defenses asserted by defendants were "equally applicable to the claims against the unresponsive and unserved defendants" and formed the basis to dismiss the unserved defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Blake v. McCormick*, No. 5:06-cv-273, 2007 WL 1671732 at *5 (E.D. Tex. June 8, 2007) (a successful affirmative defense of lack of exhaustion raised by defendants served in a prisoner civil rights case "inures to the benefit of any unserved or defaulting defendants"); *Day v. Office of Cook County Sheriff*, No. 2000 C 2529, 2001 WL 561362 at *3 (N.D. Ill. May 21, 2001) (defendant's meritorious defense of qualified immunity applied to other "yet-unserved defendants" who could raise the same defense). *Cf. Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) ("[s]everal courts have held that where 'a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant'") ( quoting *United States v. Peerless Insurance Company*, 374 F.2d 942, 945 (4th Cir. 1967).

The Sheriff has established that plaintiff did not properly exhaust his claim regarding medical treatment for his injured pinky finger. This defense inures to the benefit of the unserved defendants, who allegedly were involved in the same incident. Accordingly, the court should grant summary judgment in favor of the six unserved "Doe" defendants for lack of exhaustion.

**III.    Recommendation**

For the reasons set forth above, I respectfully recommend that the Sheriff's motion for summary judgment (docket no. 33) be **GRANTED** and that this action be dismissed in its entirety.


Dated:  October 28, 2010                                    /s/ Hugh W. Brenneman, Jr.
                                                            HUGH W. BRENNEMAN, JR.
                                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).